'08 CIV 5077

281-08/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
THE GREAT EASTERN SHIPPING
COMPANY LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)



RECEIVED JUN 03 2008 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THE GREAT EASTERN SHIPPING
COMPANY LIMITED,

          Plaintiff,

-against-

CHINA NATIONAL UNITED OIL CORP a/k/a
CHINAOIL a/k/a CHINA OIL a/k/a PETROCHINA
INTERNATIONAL CO. LTD. and PETROCHINA
INTERNATIONAL (SINGAPORE) PTE LTD.
a/k/a CHINAOIL (SINGAPORE) INT'L PTE LTD,

          Defendants.
-------------------------------------------------------x

**08 CV**

**VERIFIED COMPLAINT**

Plaintiff, THE GREAT EASTERN SHIPPING COMPANY LIMITED (hereinafter "GREAT EASTERN"), for its Verified Complaint against Defendants CHINA NATIONAL UNITED OIL CORP a/k/a CHINAOIL a/k/a CHINA OIL a/k/a PETROCHINA INTERNATIONAL CO. LTD. (hereinafter "CHINAOIL") and PETROCHINA INTERNATIONAL (SINGAPORE) PTE LTD. a/k/a CHINAOIL (SINGAPORE) INT'L PTE LTD. (hereinafter "CHINAOIL SINGAPORE"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

NYDOCS1/305542.1

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff GREAT EASTERN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Ocean House, 134/A DR Annie Besant Road, Worli, Mumbai, 400 018 India.

3. At all times relevant hereto, Defendant CHINAOIL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at No. 27 Cheng Fang Street, Xi Cheng District, PetroChina International Building, Beijing 100032, China.

4. At all times relevant hereto, Defendant CHINAOIL SINGAPORE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 250 North Bridge Road, #24-00, Raffles City Tower, Singapore 17901.

5. On or about January 17, 2007, Plaintiff GREAT EASTERN, in the capacity as owner of the M/V JAG PANNA, entered into a maritime contract of charter party with CHINAOIL or its nominee, as charterer, for the carriage of cargo of petroleum products.

6. Under the terms of the charter party, CHINAOIL was always to guarantee performance under the charter party.

7. CHINAOIL nominated CHINAOIL SIGNAPORE as charterer under the charter party.

8. Pursuant to the terms of the charter party, the vessel was duly delivered into service under the charter, the cargo was loaded onboard and demurrage was earned by GREAT EASTERN.

9. On or about March 1, 2007, GREAT EASTERN provided Defendants with a laytime calculation showing demurrage in the sum of $186,351.39 owed to GREAT EASTERN.

10. On or about April 26, 2008, Plaintiff GREAT EASTERN provided Defendants with notice that it had re-calculated the demurrage owed by Defendants in the sum of $167,952.74.

11. Despite due demand, Defendants, in breach of the charter party, have refused and/or otherwise failed to pay the amount due and outstanding.

12. Plaintiff GREAT EASTERN has fulfilled all obligations required of it under the charter party.

13. The charter party provides for the application of English law and all disputes between the parties are to be resolved by arbitration in London, and GREAT EASTERN specifically reserves its right to proceed in arbitration.

14. GREAT EASTERN has commenced arbitration proceedings in London.

15. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiff GREAT EASTERN in respect to its claims against Defendants and in aid of London proceedings.

16. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

17. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

18. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim in London will be $60,000.00 and interest on its damages

are estimated to be $28,830.00 (calculated at the compounded rate of 8% for a period of 2 years, the estimated time for completion of the proceedings in London).

### Request for Rule B Relief

19. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

20. The total amount to be attached pursuant to the calculations set forth above is **$256,782.54**.

WHEREFORE, Plaintiff GREAT EASTERN prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including **$256,782.54** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of

Defendants (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their names or as may be held, received or transferred for their benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment entered against the Defendants in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 3, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
THE GREAT EASTERN SHIPPING
COMPANY LIMITED

By: _____
    Michael E. Unger (MU 0045)
    Pamela L. Schultz (PS 8675)
    80 Pine Street
    New York, NY  10005
    (212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
3rd day of June, 2008.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/305542.1

6